IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ANDERSON KELLY, #110252**                                      **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 3:06cv160HTW-JCS**

**ALICIA BOX and SHERRY ROBINSON**                        **DEFENDANTS**

### MEMORANDUM OPINION

     The plaintiff, an inmate currently incarcerated in the Central Mississippi Correctional Facility, Pearl, Mississippi, filed this complaint [1-1] pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. On March 22, 2006, this court entered two orders in this case. One order advised the plaintiff about the Prison Litigation Reform Act and directed the plaintiff to sign and return to this court an Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with this lawsuit or a Notice of Voluntary Dismissal (Form PSP-4), if he did not wish to continue with this lawsuit, within thirty days.

     The second order entered on March 22, 2006, directed the plaintiff to file a completed application to proceed in forma pauperis, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or to file an affidavit specifically stating the name of the prison official contacted concerning the certificate and why this information is not provided to this court. The plaintiff was warned in both of these orders that if he failed to comply with the orders in a timely manner this case might be dismissed. The plaintiff has failed to comply with both of these orders.

     On May 19, 2006, the plaintiff was ordered to show cause in writing, within fifteen days,

why this case should not be dismissed for his failure to comply with this court's March 22, 2006 orders. The plaintiff was warned in the May 19, 2006 order that if he did not comply with the order his case would be dismissed without prejudice and without further notice to him. The plaintiff failed to comply with this order.

On June 22, 2006, a second order to show cause was entered. The plaintiff was directed to show cause, within fifteen days, why this case should not be dismissed for his failure to comply with the previous orders of the court. The June 22, 2006 order also warned the plaintiff that if he did not comply with the order, within fifteen days, this case would be dismissed without further notice to the plaintiff. The plaintiff failed to comply with this order.

The plaintiff has failed to comply with four court orders. It is apparent from the plaintiff's failure to communicate with this court that he lacks interest in pursuing this claim. This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of

plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

This the 31st day of July, 2006.

          s/ HENRY T. WINGATE

          CHIEF UNITED STATES DISTRICT JUDGE